19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonah L. GANT, Plaintiff-Appellant,
v.
Billy W. COMPTON, Warden; Richard W. Douglas, Assistant
Warden; Terry Mills; Leora Bonds; Belinda Grear,
Corporal; Stephen H. Norris, Commissioner of Corrections;
Sgt. Muller; Sgt. Jones; Sgt. Summers; Sgt. Malone,
Defendants-Appellees.
 No. 92-6598.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Jonah L. Gant, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On January 14, 1987, some of the inmates at the Fort Pillow State Prison and Farm (FPSPF) engaged in a work stoppage. A confidential informant indicated to the associate warden that Gant had been involved in instigating the work stoppage. Therefore, the defendants placed Gant in involuntary administrative segregation. On January 17, 1987, the administrative segregation board conducted a hearing, and concurred with the warden's decision to increase his security classification and place Gant in administrative segregation and with his recommendation to transfer Gant to another facility. Gant was then transferred to Brushy Mountain State Prison.
 
 
 3
 Gant is currently incarcerated at the South Central Correctional Center in Tennessee. Seeking monetary and equitable relief, Gant filed a complaint against two Tennessee state prison officials at the FPSPF including the warden (Compton) and the associate warden (Douglas). Gant also filed an amended complaint, adding four additional state prison officials, including the commissioner of the Tennessee Department of Corrections (Norris), a corporal (Grear), a stewardess (Bonds), and a farm manager (Mills), who are employed at FPSPF. Gant has sued the defendants in their official and individual capacities, alleging that they denied him a proper hearing in violation of his due process rights, and that they also retaliated against him for various reasons by placing him in administrative segregation. Thereafter, Gant filed a third amended complaint, naming as additional defendants four sergeants (Summers, Malone, Jones, and Muller) who were employed at FPSPF, alleging that they had denied or ignored his requests to meet with an inmate advisor and for legal materials in violation of his right to access to the courts.
 
 
 4
 The district court dismissed defendant Norris after reviewing his Fed.R.Civ.P. 12(b)(1) motion to dismiss and Gant's response. Thereafter, the remaining defendants filed a motion for summary judgment. After filing a response to the defendants' motion, Gant filed another amended complaint, asserting that the defendants had retaliated against him by placing him in administrative segregation and later transferring him to Brushy Mountain. After reviewing the defendants' amended motion for summary judgment and Gant's response, the district court granted summary judgment to the defendants on the issues of denial of access to the courts and denial of due process in relation to the February 1987 disciplinary hearing, but denied summary judgment on Gant's claims of denial of due process in relation to the January 1987 administrative segregation hearing, the alleged improper increase in his security status and his retaliation claim. Thereafter, following a review of the defendants' renewed motion for summary judgment and Gant's response, the district court granted summary judgment to the defendants on Gant's remaining claims. Gant has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Gant received all the process due him when he was notified of the charges against him and was afforded an opportunity to testify at his administrative segregation placement hearing. See Hewitt v. Helms, 459 U.S. 460, 476 (1983). Likewise, Gant received all the process due him in connection with his security reclassification and subsequent transfer. Gant was not entitled to the protection under Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), because he was placed in administrative segregation for security reasons, not as a punitive measure for a rule violation. Additionally, a panel of this court has recently ruled that the defendants properly placed Gant in administrative segregation while affording him all of his due process rights. See Gant v. Compton, No. 92-6341 (6th Cir. March 3, 1994).
 
 
 6
 Gant has not established that the defendants' actions constituted an egregious abuse of governmental power or that such actions otherwise shocked the conscience, thus failing to state a claim for retaliation. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Finally, Gant has not established that the defendants' actions prejudiced his ability to obtain access to the courts. See Knop v. Johnson, 977 F.2d 996, 1000 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.